CARON v. KOBER

----

(July 5, 1927. Opinion and Decree.)

----

(Syllabus by the Court)

1. **Louisiana Digest—Courts—Par. 92.— Pleadings—Par. 8.**

The First City Court of New Orleans is a court of record and oral pleadings are not permitted therein.

2. **Louisiana Digest—Appeal—Par. 726, 727.**

When oral pleadings are permitted and testimony admitted thereunder, case will be remanded that the other litigant may have an opportunity to meet special oral defense after it is legally filed.

Appeal from First City Court, Division "C". Hon. W. V. Seeber, Judge.

Action by Mrs. Edward Caron against Fred C. Kober.

There was judgment for defendant and plaintiff appealed.

Judgment reversed and amended.

P. E. Edrington, of New Orleans, attorney for plaintiff, appellant.

Jos. Rosenberg, of New Orleans, attorney for defendant, appellee.

JONES, J.   This suit is brought on three checks for fifty ($50.00) dollars each, payable to cash and drawn on the City Bank Branch of the Whitney-Central Trust and Savings Bank, made and signed by the defendant, Fred. C. Kober.   Plaintiff alleges that she is the holder and owner of the checks and that the said checks were presented to the bank for payment; that payment was refused and they remained unpaid.   She, therefore, prays for judgment in the sum of one hundred fifty ($150.00) dollars against the defendant.

The defendant filed an answer, unsworn to, and written on the back of the citation consisting of the words, "General Denial". No exception was taken by plaintiff to this form of answer, although under the Pleading and Practice Act the answer should have been a formal one, duly sworn to.   The case was then regularly fixed for trial on March 11th, 1927, the defendant being present in person and unrepresented by counsel.

The plaintiff testified that the checks were given to her as a manual gift by her father and that she presented them to the bank for payment and that payment was refused.

The defendant was then asked by the court if he had any defense other than the general denial, to which counsel for plaintiff objected; that no special defense could be urged and that no evidence could be introduced in support thereof.

Notwithstanding this timely objection, the lower judge permitted · the defendant to make an oral supplemental answer, take the witness stand and testify that the checks were given in a gambling game.

Thereupon the court rendered judgment in favor of the defendant, dismissing plaintiff's suit.

Clearly this was error in the court below, because the First City Court is a court of record and oral pleadings are not permitted by law.   Louisiana Constitution of 1921, Article VII, Section 92.   This fact alone requires remanding of the case that plaintiff may have an opportunity to meet this special defense.   For above reasons the case is remanded.